**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GILBERT N. FAFORD II,

    Plaintiff,

v.

GRAND TRUNK WESTERN
RAILROAD COMPANY, d/b/a CN,

    Defendant.
_____/
Arvin J. Pearlman (P18743)
Benjamin J. Wilensky (P75302)
Attorneys for Plaintiff
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, MI 48076
(248) 355-0300
_____/

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Gilbert N. Faford II, by and through his counsel, complains of the Defendant, Grand Trunk Western Railroad Company d/b/a CN, as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff is a resident of the City of Flat Rock, County of Wayne, State of Michigan.

2. Defendant is a Michigan corporation, with its registered office in the City of East Lansing, County of Ingham, State of Michigan, and does business within the Eastern District of Michigan.

3. At all relevant times, Plaintiff was employed by Defendant as a carman.

4. This action arises out of personal injuries sustained by Plaintiff during the course of his employment with Defendant in interstate commerce; therefore, subject matter jurisdiction is conferred on this Court pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, as well as 28 U.S.C. § 1331.

5. Defendant is subject to the general personal jurisdiction of this Court as it is incorporated in the State of Michigan.

6. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b)(2), as the incidents and injuries complained of herein occurred within this judicial district and division, and pursuant to 45 U.S.C. § 56, in that the Defendant does business in this judicial district and division.

### COUNT I:
### NEGLIGENCE UNDER FELA
### (JANUARY 3, 2017 INJURY)

7. Plaintiff reincorporates all preceding paragraphs as though fully restated herein.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

8. On January 3, 2017, Plaintiff was working in Defendant's railroad yard in Flat Rock, Michigan, and specifically, was working to repair an air hose assembly on a freight railroad car.

9. Plaintiff was standing on a staircase leading down to a "pit" below the railroad tracks. The staircase was not securely attached, and there was a gap between the stairs and the pit wall.

10. Plaintiff was using a wrench provided by Defendant to perform his work. The wrench was old and worn, and no other wrench was available for his use.

11. Plaintiff wrenched the angle cock on the railroad car, but the wrench slipped, and Plaintiff lost his balance.

12. When Plaintiff lost his balance, the staircase shifted, and Plaintiff's foot wedged in the gap between the staircase and the pit wall.

13. Plaintiff fell backwards and hit his back on the railroad car drawbar, before hitting the staircase.

14. Plaintiff injured his back in the fall, including but not limited to suffering herniated discs.

15. Plaintiff has suffered suffer severe pain, numbness, weakness, and physical limitations as a consequence, in whole or in part, of the foregoing.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

16. Pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, Defendant owed to Plaintiff certain duties, including but not limited to:

   a. To provide a reasonably safe place within which to work;

   b. To provide proper equipment and tools in good condition so that Plaintiff can exercise care for his own safety while performing the work;

   c. To keep the objects of Plaintiff's work reasonably free of defects;

   d. To provide adequate and safe methods of work as to the task assigned to Plaintiff;

   e. To provide proper inspection and evaluation as to safety requirements of the work to be performed before it is performed;

   f. To adequately and safely supervise the operation of work which was being performed;

   g. To provide proper job safety briefings before the performance of the job;

   h. To provide proper inspection of the equipment to be used by Plaintiff for defects;

   i. To provide adequate staffing and manpower in order to safely complete the work;

   j. To warn Plaintiff of any unsafe work activities and/or conditions;

k. To promptly correct any unsafe work activities and/or conditions;

l. To provide proper and appropriate medical assistance when an employee is injured on the job;

m. To provide properly-constructed exterior steps consistent with regulations issued by appropriate governmental authorities and industry standards, including properly affixing the staircase in a manner mitigating against fall hazards, and providing anti-skid materials in the stairs;

n. To adequately light the areas where its employees were required to work.

17. Defendant breached the duties owed to Plaintiff, and was negligent in the premises in that it, among other things, failed to observe the standards of care with respect to one or more of the above-described duties.

18. As a direct result, in whole or in part, of the negligence of Defendant, Plaintiff has suffered injuries and damages including those as described earlier in this Complaint.

19. As a further direct result, in whole or in part, of the negligence of Defendant, Plaintiff has suffered, and may be expected in the future to suffer, loss of earnings and earning capacity, medical expenses, loss of value in pension and

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

fringe benefits, and the loss of the ability to lead a normal and healthy life, free from impairment and mental distress and anxiety.

20. As a further direct result, in whole or in part, of the negligence of Defendant as described earlier in this Complaint, Plaintiff, has been unable to carry on his normal daily activities, enjoyment of life and avocations without impairment, and may be unable to do so in the future.

WHEREFORE, Plaintiff claims judgment against Defendant Grand Trunk Western Railroad Company in an amount to be determined by the trier of fact, together with costs, interest, and attorney's fees so wrongfully incurred.

## COUNT II:
## NEGLIGENCE UNDER FELA
## (AUGUST 3, 2018 INJURY)

21. Plaintiff reincorporates all preceding paragraphs as though fully restated herein.

22. On August 3, 2018, Plaintiff was again working in Defendant's Flat Rock railroad yard.

23. On that date at approximately 3:00 A.M., Plaintiff was walking on railroad ballast near the car shop, when he stepped on debris in the yard, twisting his left ankle in the process and causing him to fall.

24. Plaintiff was re-injured in the fall, has sought and received treatment for his conditions, and has been unable to return to work since that date.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

25. Plaintiff has suffered and continues to suffer severe pain, numbness, weakness, and physical limitations as a direct consequence of the foregoing.

26. Plaintiff has suffered suffer severe pain, numbness, weakness, and physical limitations as a consequence, in whole or in part, of the foregoing.

27. Pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, Defendant owed to Plaintiff certain duties, including but not limited to:

   a. To provide a reasonably safe place within which to work;

   b. To provide proper equipment and tools in good condition so that Plaintiff can exercise care for his own safety while performing the work;

   c. To keep the objects of Plaintiff's work reasonably free of defects;

   d. To provide adequate and safe methods of work as to the task assigned to Plaintiff;

   e. To provide proper inspection and evaluation as to safety requirements of the work to be performed before it is performed;

   f. To adequately and safely supervise the operation of work which was being performed;

   g. To provide proper job safety briefings before the performance of the job;

  h. To provide proper inspection of the equipment to be used by Plaintiff for defects;

  i. To provide adequate staffing and manpower in order to safely complete the work;

  j. To warn Plaintiff of any unsafe work activities and/or conditions;

  k. To promptly correct any unsafe work activities and/or conditions;

  l. To provide proper and appropriate medical assistance when an employee is injured on the job;

  m. To remove debris and other trip hazards in areas where its employees were required to work; and,

  n. To adequately light the areas where its employees were required to work.

28. Defendant breached the duties owed to Plaintiff, and was negligent in the premises in that it, among other things, failed to observe the standards of care with respect to one or more of the above-described duties.

29. As a direct result, in whole or in part, of the negligence of Defendant, Plaintiff has suffered injuries and damages including those as described earlier in this Complaint.

30. As a further direct result, in whole or in part, of the negligence of Defendant, Plaintiff has suffered, and may be expected in the future to suffer, loss

of earnings and earning capacity, medical expenses, loss of value in pension and fringe benefits, and the loss of the ability to lead a normal and healthy life, free from impairment and mental distress and anxiety.

31. As a further direct result, in whole or in part, of the negligence of Defendant as described earlier in this Complaint, Plaintiff, has been unable to carry on his normal daily activities, enjoyment of life and avocations without impairment, and may be unable to do so in the future.

WHEREFORE, Plaintiff claims judgment against Defendant Grand Trunk Western Railroad Company in an amount to be determined by the trier of fact, together with costs, interest, and attorney's fees so wrongfully incurred.

## COUNT III:
## AGGRAVATION OF INJURIES

32. Plaintiff reincorporates all preceding paragraphs as though fully restated herein.

33. If it is shown that any of the damages as alleged in this Complaint were not caused, in whole or in part, by Plaintiff's job duties with Defendant or the negligence of Defendant, then Plaintiff claims that his damages were aggravated and/or accelerated, in whole or in part, by his job duties and the negligence of Defendant as hereinbefore alleged.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

WHEREFORE, Plaintiff claims judgment against Defendant Grand Trunk Western Railroad Company in an amount to be determined by the trier of fact, together with costs, interest, and attorney's fees so wrongfully incurred.

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

By: /s/ Arvin J. Pearlman
    Arvin J. Pearlman (P18743)
    Benjamin J. Wilensky (P75302)
    Attorneys for Plaintiff
    One Towne Square, 17th Floor
    Southfield, MI 48076
    (248) 355-0300

Dated: February 20, 2019    apearlman@sommerspc.com

## **DEMAND FOR TRIAL BY JURY**

Plaintiff GILBERT N. FAFORD II demands a trial by jury on all matters so triable.

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

By: /s/ Arvin J. Pearlman
    Arvin J. Pearlman (P18743)
    Benjamin J. Wilensky (P75302)
    Attorneys for Plaintiff
    One Towne Square, 17th Floor
    Southfield, MI 48076
    (248) 355-0300

Dated: February 20, 2019    apearlman@sommerspc.com

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300