UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GILBERT N. FAFORD, II,

          Plaintiff,          Case Number 19-10523

v.                                  Honorable David M. Lawson

GRAND TRUNK WESTERN
RAILROAD COMPANY,

          Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR PARTIAL SUMMARY JUDGMENT

In this Federal Employer's Liability Act (FELA) case, the plaintiff, Gilbert Faford, included an allegation in Count III of the complaint that the defendant's failure to provide a safe work environment caused an aggravation of a preexisting back injury. Defendant Grand Trunk seeks summary judgment on that count, arguing that Faford's answer to one of its interrogatories amounted to an admission that Grand Trunk's negligence did *not* contribute to his preexisting injuries. Grand Trunk misread Faford's interrogatory answer; he did not disclaim any allegation that Grand Trunk's conduct during the relevant period alleged in the complaint contributed to his preexisting injuries. He merely clarified that Grand Trunk's actions *before* the complained-of conduct did not exacerbate his injuries. Grand Trunk's motion for partial summary judgment will be denied.

I.

Faford was employed by Grand Trunk as a carman. He alleges in his complaint that he was injured on the job on two separate occasions while working at Grand Trunk's railyard in Flat Rock, Michigan, both times due to his employer's negligence.

In the first incident, which occurred on January 3, 2017, Faford says that he injured his back while trying to repair a freight car. To access the car, Faford stood on a staircase that led to a "pit" below the tracks. He alleges that the staircase was not securely attached, and there was a gap between it and the pit wall. He was also using an old, worn wrench provided by Grand Trunk — the only one available. As Faford turned the "angle cock" of the freight car, the wrench slipped, causing him to lose his balance, shift the staircase, and wedge his foot in the gap between the staircase and the pit wall. Faford fell backward, hitting his back on the freight car drawbar, then the staircase. The fall caused Faford to herniate two discs, resulting in "severe pain, numbness, weakness, and physical limitations." These allegations are found in Count I of the complaint.

In Count II, Faford alleges that on August 3, 2018, he again was working at Grand Trunk's railyard in Flat Rock, when he stepped on debris, causing him to twist his ankle and fall. The fall exacerbated his previous injury, and he has been unable to return to work since.

Faford filed a three-count complaint against Grand Trunk alleging negligence under the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, for the 2017 and 2018 injuries, respectively. He contends that Grand Trunk is responsible for his injuries because it, among other things, failed to provide a safe work environment, failed to provide proper equipment, failed to inspect its equipment, and failed to supervise Faford's work safely. Count III is labeled "aggravation of injuries." In it, Faford alleges simply:

> If it is shown that any of the damages as alleged in this Complaint were not caused, in whole or in part, by Plaintiff's job duties with Defendant or the negligence of Defendant, then Plaintiff claims that his damages were aggravated and/or accelerated, in whole or in part, by his job duties and the negligence of Defendant as hereinbefore alleged.

Compl. ¶ 33, ECF. No. 1, PageID.9.

Faford's phrasing of Count III understandably confused Grand Trunk, which "was unable to determine whether [the] plaintiff was claiming that he had a pre-existing condition caused by [Grand Trunk's] negligence." Mot. P. Summ. J., ECF No. 48, PageID.406. To clarify, Grand Trump propounded a multipart interrogatory, which the plaintiff answered on January 28, 2020:

> **Interrogatory No. 22:** Do you contend that plaintiff had a physical condition, injury and/or illness before January 3, 2017, that was caused by an act or omission of [Grand Trunk]? If so, for each physical condition, injury and/or illness:
>     (a) identify plaintiff's work duties with GTW that allegedly caused such physical condition, injury and/or illness;
>     (b) identify the date(s) plaintiff performed the work duties identified in (a) above;
>     (c) describe the physical condition, injury and/or illness allegedly caused by an act or omission of GTW;
>     (d) identify all facts known to plaintiff that support this contention;
>     (e) identify all witnesses that support this contention;
>     (f) identify all medical providers that treated Plaintiff for such condition, injury and/or illness; and
>     (g) identify all document that support this contention.
>
> **Answer:** Objection to the compound nature of the interrogatory. Without waiving said objection, the facts in this case will show that, at various times before the subject incident, Plaintiff had minor physical issues that may or may not have been related to his work at [Grand Trunk]. However, **Plaintiff is not making any claim in this suit for developing those conditions as a result of any act or omission of [Grand Trunk] occurring before January 3, 2017**.

Interrogatory Answers, ECF No. 48-1, PageID.413.

Grand Trunk later discovered that Faford had multiple injuries to his back while working for a previous employer. Faford's medical records also established that he was diagnosed with a low back disorder and pain syndrome while at his former job.

Grand Trunk chose to read Faford's interrogatory answer as a concession that he had no proof to support Count III of the complaint, which it reads as a claim that Grand Trunk's conduct caused the preexisting injuries that the 2017 and 2018 incidents aggravated. It filed a motion for partial summary judgment seeking dismissal of Count III. Faford opposes the motion, explaining

that Grand Trunk is asking to dismiss a claim that he has never made in the first place. Instead, he included Count III to ensure that if it is determined that the 2017 and 2018 incidents did not cause new injuries, and instead aggravated old ones, he wants damages for the aggravation.

II.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When reviewing the motion record, "[t]he court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Alexander v. CareSource*, 576 F.3d 551, 557-58 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

The Federal Employer's Liability Act is not a worker's compensation statute. *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 542 (1994). It is based on common-law negligence principles, *Urie v. Thompson,* 337 U.S. 163, 174 (1949), with certain causation requirements relaxed to "respon[d] to the special needs of railroad workers who are daily exposed to the risks inherent in railroad work," *Sinkler v. Missouri Pac. R.R. Co.,* 356 U.S. 326, 329 (1958) (citation omitted). To recover, a covered worker need only prove "that employer negligence played any part, even the slightest, in producing the injury . . . for which damages are sought." *CSX Transp., Inc. v. McBride,* 564 U.S. 685, 692 (2011) (citation and quotation marks omitted, emphasis added).

One common law tort principle incorporated into FELA litigation is that the defendant-tortfeasor takes the plaintiff as it finds him. See *Jordan v. Atchison, Topeka & Santa Fe Ry.*, 934 F.2d 225, 228-29 (9th Cir. 1991). In other words, an "FELA defendant cannot escape liability because a pre-existing condition made a plaintiff more susceptible to a work-related injury."

*Stanley v. BNSF Ry. Co.*, No. 11-178, 2013 WL 12309456, at *2 (N.D. Miss. Jan. 24, 2013) (citing *Sauer v. Burlington N. R. Co.*, 106 F.3d 1490, 1495 (10th Cir. 1996)). It appears that Faford attempted to make that point by including Count III in the complaint.

Grand Trunk says that it reads Count III of Faford's complaint as alleging that the defendant caused the preexisting injuries Faford contends were aggravated in 2017 and 2018. That could be a fair reading of the pleading, as that count is inartfully stated and ambiguous. But Faford's interrogatory answer should have disabused Grand Trunk of any such interpretation. Faford explained that he is not seeking to recover for any conduct by Grand Trunk "occurring before January 3, 2017." That answer served to narrow the issues in the case for trial, as it should. *See Starcher v. Corr. Med. Sys.*, 144 F.3d 418, 42 n.2 (6th Cir. 1998) ("contention interrogatories are interrogatories that seek to clarify the basis for or scope of an adversary's legal claims . . . and are viewed as a form of discovery that are used to narrow and define the issues for trial"). If Faford were to argue otherwise, that claim conceivably could be subject to a statute-of-limitations defense. *See Henry v. Norfolk S. Ry. Co.*, 605 F. App'x 508, 511 (6th Cir. 2015).

In Count III, Faford offers an alternative theory of damages. He appears to be alleging that if his claimed injuries did not originate with the accidents in 2017 or 2018, then at least those accidents aggravated injuries or conditions Faford incurred in the past. He did not need to identify that theory of recovery in a separate count, however. "Any 'aggravation' of the original . . . injury would only affect the plaintiff's damages, and would not require a separate determination of liability or causation." *Ibid.* Apparently recognizing this, the parties have engaged in a brief back-and-forth on the appropriateness of jury instructions on the issue of apportionment of damages. But that question is best left for another day.

Grand Trunk also argues that summary judgment is appropriate on Faford's claim that he had "minor physical issues" that "may or may not be related to his work" for Grand Trunk because FELA is a negligence statute. It is true that mere "work-relatedness" does not expose Grand Trunk to liability under FELA; negligence must be shown. *Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 165 (2007) (FELA does not provide "relief without regard to fault."). But Faford never asserted a cause of action for his "minor physical issues" that may or may not be related to his work. Those words are not included anywhere in the complaint. Rather, Faford referred to his "minor physical issues" in his response to Grand Trunk's interrogatories, in which he expressly disclaimed any intent to argue that the defendant exacerbated those issues by conduct committed before January 3, 2017. As noted, the better reading of Count III is that it preserves Faford's argument that Grand Trunk's negligent conduct, as outlined in Counts I and II, exacerbated those "minor physical issues." Grand Trunk's argument does not undermine those allegations, because they are ultimately grounded in well-pleaded assertions of negligence, not mere work-relatedness.

III.

The record does not support Grand Trunk's argument that it is entitled to a judgment as a matter of law on Count III of the complaint.

Accordingly, it is **ORDERED** that the defendant's motion for partial summary judgment (ECF No. 48) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: August 7, 2020